UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID M. RATCLIFF | DOCKET NO. 08-CV-427; SEC. P. |
| VERSUS | JUDGE DEE D. DRELL |
| MELISSA HUGHES, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed on March 27, 2008, *in forma pauperis* by pro se plaintiff David M. Ratcliff, pursuant to the provisions of 42 U.S.C. §1983 and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the United States Penitentiary in Coleman, Florida. Plaintiff complains that he was wrongfully removed from the "Challenge Program" at the United States Penitentiary in Pollock, Louisiana (USP-P). Plaintiff seeks monetary damages from Defendants "for violating ethical standards of trust." Plaintiff has named as defendants Melissa Hughes and Christopher Jackson.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

**FACTS**

Plaintiff states that he was a participant in the "Challenge Program" at USP-P. On May 11, 2006, Plaintiff was told to see Ms. Hughes, the Chief Psychologist, on the following morning. Upon arrival, Plaintiff was told that he would no longer be participating in the program. [Doc. #1] The only explanation given to Plaintiff was that he had been using the meetings as a personal platform. Plaintiff claims that he was actually removed from the program in retaliation for filing grievances against Ms. Hughes and Mr. Jackson, a "treatment specialist" and the meeting facilitator.

Plaintiff submitted an informal grievance on or about May 26, 2006. Plaintiff's request for informal resolution was denied in a response dated May 30, 2006, stating that Plaintiff's continuous expression of personal opinions not pertaining to the Challenge Program was the reason for Plaintiff's removal from the program.

Plaintiff filed a request for administrative remedy on June 2, 2006, which was denied by the warden on July 18, 2006. Plaintiff appealed the Warden's decision, but his appeal was denied on September 19, 2006. The response from the Regional Director stated that Plaintiff was expelled due to disruptive behavior, which interfered with the orderly running of the program. Specifically,

Plaintiff openly challenged program operations and procedures, incentive programs, and overall program management all during the group treatment activities. The response also states the Plaintiff encouraged other inmates to file grievances against program staff. Plaintiff appealed to the National Inmate Appeals. On December 29, 2006, his appeal was denied, stating that the plaintiff's comments during meetings were inappropriate and inconsistent with the program objectives.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that

3

all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986).

District courts must construe *in forma pauperis* complaints liberally; but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994). The plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias, 23 F.3d at 97.

## 2. Limitations and Equitable Tolling

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256

(5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in Bivens claims. Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski, 51 F.3d at 516, quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Any claim arising out of Plaintiff's dismissal from the Challenge Program would have accrued on the date of dismissal - May 11, 2006.

However, equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983 and Bivens. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). Thus, Plaintiff is entitled to equitable tolling for the time spent exhausting the BOP administrative remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002) (holding that because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies); Harris v. Hegmann, 198 F.3d 153, 158 (5th

Cir. 1999) (holding that the statute of limitations applicable to a civil rights complaint should be tolled while the prisoner exhausts his administrative remedies).

Plaintiff timely pursued his administrative remedies and provided the court with a copy of his Central Office Administrative Remedy Appeal and the response from the national administrator ultimately denying Plaintiff's claim. [Doc. #1-3, p.23] The final denial is dated December 29, 2006. Plaintiff had one year from that date to file suit in this court. Plaintiff did not file the instant suit until March 27, 2008, well over one year from the final denial of his administrative appeal at the national level.

Thus, even with the benefit of equitable tolling during the pendency of his administrative proceedings, Plaintiff's complaint is prescribed.

### 3. Program Participation

#### A. Retaliation

Plaintiff complains that he was wrongfully terminated from the USP-P "Challenge Program" in retaliation for his filing grievances against the program administrator. It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied*, 516 U.S. 1084 (1996). To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific

constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.

First, to the extent that the Challenge Program is a rehabilitation program, it is settled that *there is no federal constitutional right to participate in an education or rehabilitative program*. See Moody v. Daggett, 429 U.S. 78 (1976); Newman v. State of Alabama, 559 F.2d 283, 291 (5th Cir. 1977), cert. granted in part on other grounds, 438 U.S. 781, and cert. denied in part, 438 U.S. 915 (1978); Stewart v. Winter, 669 F.2d 328, 336 n. 19 (5th Cir. 1982)("[F]ailure to provide a rehabilitation ... does not, by itself, constitute cruel and unusual punishment."). Congress has given federal prison officials full discretion to control prison classification and eligibility for rehabilitation programs in the federal prison system. Moody v. Daggett, 429 U.S. 78, 88 n. 9. The fact that Plaintiff could not participate in the USP-P Challenge Program does not meet the first requirement for showing retaliation by the defendants. That is, Plaintiff was not denied a constitutional right.[2] So, even if Plaintiff's suit had not prescribed, he could not establish a constitutional violation by the defendants.

---

[2]Moreover, Plaintiff only presented conclusory allegations of retaliation. An inmate must allege more than just his personal belief that he is the victim of retaliation. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

7

### B. Due Process

Neither the fact nor the manner of Plaintiff's removal from the "Challenge Program" establishes a due process violation. "A due process claim is cognizable only if there is a recognized liberty or property interest at stake." Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir.1995). In the prison context, a liberty interest may be created by the Due Process Clause of the Constitution itself, see Sandin v. Connor, 515 U.S. 472, 479 n. 4, (1995), or by the government through a statute. Id. at 477-78.

The Due Process Clause confers a liberty interest in punishment that is not "qualitatively different" from the punishment characteristically suffered by a person convicted of a crime. Id. at 479 n. 4. If the punishment is within the normal limits of custody that is authorized by the conviction, then there is no violation of a protected liberty interest. Plaintiff has not presented an "atypical, significant deprivation" that would give rise to a liberty interest. Sandin v. Conner, 515 U.S. 472, 485 (1995). For example, Plaintiff's sentence was not lengthened by his removal from the program, and he has not been penalized such that he has to serve a greater sentence than the one imposed. Thus, Plaintiff cannot establish a due process violation.

### Conclusion

In sum, Plaintiff's civil rights claim is prescribed and/or fails to state a claim for which relief could be granted. Thus, **IT**

IS RECOMMENDED that Plaintiff's civil rights action be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ___ day of _____, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE